The opinion of the Court was delivered by
Whither, J.
The defendant’s liability depends on a proper construction of the covenant, the faithful performance of which he has undertaken to guarantee. By its terms it was not a lease from year to year, but as expressed “for the term of one year, from the date hereof.” The term is not enlarged by the stipulation “ that before the expiration of the term for which the said premises are leased, the said tenant shall give one quarter’s notice of his intention to vacate the aforesaid premises.”
Though a very prudent precaution on the part of the landlord to be thus early advertised, that he might not rely on any renewal of the contract and secure another tenant, it does not at all follow that the tenant thereby secured the right to enjoy for a future term. So, too, the question of damage, if any had been sustained for default of notice, is outside of any questions now raised.
The terms of the guarantee are specific and manifest. “ For value received, I hereby guarantee the faithful performance of the covenants within contained on the part of James Burke; also the punctual payment of the within stipulated rent at the times it falls due.” After the expiration of the term, the tenant continued in possession without objection, and this suit is *227 brought to recover of the guarantor rent alleged to be due for this further enjoyment of the premises. It is clear that the mere liability of the tenant is not sufficient to fix a continuing liability of the guarantor, because in fact, the former does not depend alone upon any covenant into which he had entered.
The circumstances imply consent of both the original parties to a renewal of the contract. The law implies from this subsequent conduct a new contract on like terms with the preceding. To this the guarantor was neither in fact, nor in law, a party. It was a new transaction, and a new credit was given outside, and beyond any previous stipulation, and the plaintiff can look alone to him with whom he dealt.
The demurer was properly sustained by the Recorder, and the motion of plaintiff is consequently refused.
O’Neall, Withers, Glover and Muero, JJ., concurred.
Wardlaw, J., absent.
Motion refused,